**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**MATTHEW RILEY, et al.**                                                **PLAINTIFFS**

**v.**                            **CIVIL ACTION NO. 2:09-CV-148-KS-MTP**

**FORD MOTOR COMPANY, et al.**                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Court now considers Defendant Ford Motor Company's Motion for Partial Summary Judgment [152]. For the reasons stated below, the motion is granted in part and denied in part.

## I. BACKGROUND

This is a wrongful death and product liability action stemming from an automobile accident on November 3, 2006. The Riley family was traveling east on Highway 98 in Marion County, Mississippi, in a 2002 Ford Explorer XLS. Plaintiff Matthew Riley was driving. Plaintiff Carmen Riley occupied the front passenger seat, while their children, Plaintiffs C.R. and A.R., sat in the back seat. All Plaintiffs were wearing seatbelts.

Another vehicle attempted to pass Plaintiffs' Explorer and made contact with it. Plaintiffs' vehicle went off the road and overturned. All Plaintiffs suffered serious injuries. Carmen Riley and A.R. were partially ejected from the vehicle. Carmen Riley suffered serious and permanent injuries, while A.R. was killed.

In their First Amended Complaint, Plaintiffs advanced a variety of claims. They alleged that the Explorer's restraint system failed as a result of design and manufacturing defects. They further alleged that its door latch system failed, and that its windows were not properly glazed. Finally, they alleged that Defendants failed to warn of the danger caused by the alleged defects. They included

1

the following causes of action: strict liability, negligence, and failure to recall and/or retrofit. Finally, they seek a variety of damages, including punitive damages; medical expenses; lost earnings; and compensation for pain, suffering, and emotional distress.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case.'" *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138 (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (quoting *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138 (quoting *Daniels*, 246 F.3d at 502). However, "[c]onclusional allegations and denials, speculation, improbable inferences,

unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### A.     *Claims of Plaintiffs Matthew Riley and C.R.*

Ford argues that Plaintiffs can not recover damages for treatment received by Matthew Riley and C.R., as there is no evidence that Ford proximately caused their injuries. Plaintiffs agree that there is no evidence that the seatbelts of Matthew Riley and C.R. failed. Therefore, they are not asserting a product liability claim on their behalf. However, Plaintiffs assert that Matthew Riley and C.R. are not foreclosed from recovering damages under the wrongful death statute.

The wrongful death statute does not contain an itemization of the categories of damages available under it, beyond "property damages and funeral, medical or other related expenses incurred by or for the deceased" as a result of the alleged tort. MISS. CODE ANN. § 11-7-13. However, Mississippi's state and federal courts have provided guidance, holding that the following damages are available under the wrongful death statute: "(1) the present net cash value of the life expectancy of the deceased, (2) the loss of companionship and society of the decedent, (3) the pain and suffering of the decedent between the time and injury and death, and (4) punitive damages." *McGowan v. Estate of Wright*, 524 So. 2d 308, 311 (Miss. 1988); *see also Estate of Jones v. Howell*, 687 So. 2d 1171, 1178 (Miss. 1996). However, recovery of emotional distress damages is not permitted under the wrongful death statute. *McGowan*, 524 So. 2d at 311; *Bridges v. Enter. Prods. Co.*, 551 F. Supp. 2d 549, 557 (S.D. Miss. 2008). Therefore, under Mississippi's wrongful death statute, Plaintiffs Matthew Riley and C.R. may recover for the loss of companionship and society of Plaintiff A.R. and their respective shares of damages attributable to A.R.'s injuries and/or death, as wrongful death beneficiaries. MISS. CODE ANN. § 11-7-13. They may not recover emotional damages, though.

3

*McGowan*, 524 So. 2d at 311; *Bridges*, 551 F. Supp. at 557.

Plaintiffs also argue that Matthew Riley and C.R. may recover emotional damages under a bystander liability theory. Mississippi allows claims for damages by one who observes an injury to a loved one. *Entex, Inc. v. McGuire*, 414 So. 2d 437, 444 (Miss. 1982). However, Plaintiffs did not assert a bystander liability claim in their First Amended Complaint. "A claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Cutrera v. Bd. of Supervisors*, 429 F.3d 108, 113 (5th Cir. 2005). Accordingly, no bystander liability claim is properly before the Court.

Finally, Defendants argue that Matthew Riley can not recover lost wages, but Plaintiffs withdrew their claim for Matthew Riley's lost wages [256]. Accordingly, Ford's motion for summary judgment is granted as to that issue.

### B.     *Plaintiffs' Negligence Claims*

Defendants argue that Plaintiffs' negligence claims were subsumed, or abrogated, by the MPLA. This Court has previously held that common-law negligence claims can be brought alongside MPLA claims. *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 845-56 (S.D. Miss. 2010); *see also Childs v. GMC*, 73 F. Supp. 2d 669, 672 (N.D. Miss. 1999) (MPLA was not intended to abrogate common-law theories of negligence).[1] However, a plaintiff may not escape the particular requirements of the MPLA by framing a product liability claim as a common-law negligence claim. The Court's rulings with regard to the MPLA claims can be dispositive as to the redundant negligence claims. *McSwain*, 689 F. Supp. 2d at 846.

---

[1] To the extent *Jowers v. BOC Group, Inc.*, No. 1:08-CV-36, 2009 U.S. Dist. LEXIS 53126 (S.D. Miss. Apr. 14, 2009), holds otherwise, the Court declines to follow it.

*C.     Plaintiffs' Warning Claims*

Plaintiffs conceded their claims stemming from Defendants' alleged failure to warn of the Explorer's defects. Accordingly, the Court grants Ford's Motion for Summary Judgment as to that claim.

*D.     Plaintiffs' Door Latch and Window Glazing Claims*

Plaintiffs asserted in briefing that they do not intend to pursue these claims. Therefore, the Court grants Ford's Motion for Summary Judgment with respect to any claims asserted by Plaintiffs stemming from the alleged defects in the Explorer's door latches and window glazing.

*E.     Plaintiffs' Failure to Recall/Retrofit Claim*

Plaintiffs conceded their claim stemming from Defendants' alleged failure to recall and/or retrofit the Explorer. Accordingly, the Court grants Ford's Motion for Summary Judgment as to that claim.

### III. CONCLUSION

For the reasons stated above, Ford's Motion for Partial Summary Judgment [152] is granted in part and denied in part. Specifically:

- The motion is granted as it pertains to the MPLA claims of Plaintiffs C.R. and Matthew Riley.

- The motion is granted as it pertains to any emotional damages claim asserted by Plaintiffs C.R. and Matthew Riley.

- The motion is denied as it pertains to any wrongful death claims for loss of companionship or society asserted by Plaintiffs C.R. and Matthew Riley, or their shares of damages attributable to Plaintiff A.R.'s injuries and/or death.

- Plaintiffs did not assert any bystander liability claims in their First Amended Complaint. Therefore, no such claims are properly before the Court.

- The motion is granted as to any claim for lost wages asserted by Plaintiff

Matthew Riley.

- The motion is denied as to Plaintiffs' negligence claims.

- The motion is granted as to Plaintiffs' warning defect claims.

- The motion is granted as to Plaintiffs' claims related to the door latch system and window glazing.

- The motion is granted as to Plaintiffs' claims related to Defendants' alleged failure to retrofit or recall the vehicle at issue.

SO ORDERED AND ADJUDGED this 23rd day of June, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE