IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MATTHEW RILEY, et al.** **PLAINTIFFS**

**v.** **CIVIL ACTION NO. 2:09-CV-148-KS-MTP**

**FORD MOTOR COMPANY, et al.** **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Key Safety's Motion for Summary Judgment [157]. For the reasons stated below, the motion is granted in part and denied in part.

## I. BACKGROUND

This is a wrongful death and product liability action stemming from an automobile accident on November 3, 2006. The Riley family was traveling east on Highway 98 in Marion County, Mississippi, in a 2002 Ford Explorer XLS. Plaintiff Matthew Riley was driving. Plaintiff Carmen Riley occupied the front passenger seat, while their children, Plaintiffs C.R. and A.R., sat in the back seat. All Plaintiffs were wearing seat belts.

Another vehicle attempted to pass Plaintiffs' Explorer and made contact with it. Plaintiffs' vehicle went off the road, rolling over several times in the process. All Plaintiffs suffered serious injuries. Carmen Riley and A.R. were partially ejected from the vehicle. Carmen Riley suffered serious and permanent injuries, while A.R. was killed.

In their First Amended Complaint, Plaintiffs advanced a variety of claims implicating both

1

the Mississippi Products Liability Act ("MPLA")[1] and Mississippi's wrongful death statute.[2] They alleged that the Explorer's restraint system failed as a result of design and manufacturing defects. They further alleged that its door latch system failed, and that its windows were not properly glazed. Finally, they alleged that Defendants failed to warn of the danger caused by the alleged defects. They included the following causes of action: strict liability, negligence, and failure to recall and/or retrofit. Finally, they seek a variety of damages, including punitive damages; medical expenses; lost earnings; and compensation for pain, suffering, and emotional distress.

In an order [267] entered June 23, 2011, the Court granted in part and denied in part Ford's Motion for Partial Summary Judgment [152]. The Court granted the motion as to: the MPLA claims and emotional damages claims of Plaintiffs C.R. and Matthew Riley; Matthew Riley's lost wages claims; all Plaintiffs' warning defect claims; all Plaintiffs' claims stemming from alleged defects in the door latch system and window glazing; and all Plaintiffs' claims stemming from Defendants' alleged failure to recall or retrofit the vehicle. However, the Court denied the motion as to: Matthew Riley and C.R.'s claims for loss of companionship and society; Matthew Riley and C.R.'s claims for damages attributable to the injuries and/or death of A.R. to which they were entitled as wrongful death beneficiaries; and all Plaintiffs' negligence claims. Finally, the Court held that Plaintiffs had not properly plead any bystander liability claim, and, therefore, no such claim was before the Court.[3]

The Court also granted in part and denied in part [268] Ford's Motion to Strike [244] the

---

[1] MISS. CODE ANN. § 11-1-63.

[2] MISS. CODE ANN. § 11-7-13.

[3] The Court later denied [276] Plaintiffs' motion to file a Second Amended Complaint which included a bystander liability theory.

affidavit of Steven Meyer attached to Plaintiffs' response [231] to Ford's Motion to Exclude [150] Meyer's testimony. The Court denied the motion as to: Meyer's testimony addressing belt spool-out; Meyer's testimony that belt spool-out generally occurs in rollover accidents; Meyer's testimony regarding other similar incidents of mounting bracket failure; Meyer's discussion of certain spit test data which allegedly displayed the effects of anchor deformation; Meyer's general observations regarding the strength of an aluminum rivet, including his assistant's "testing" the rivet by applying force by hand; and Meyer's discussion of belt geometry. The Court granted the motion as to: Meyer's testimony regarding other specific incidents of belt spool-out; Meyer's testimony regarding other specific incidents of retractor failure; Meyer's testimony regarding other similar incidents of B-pillar deformation, C-pillar deformation, and D-ring movement; any calculations, testing, or analysis regarding the strength of any aluminum rivet that was not timely disclosed to Defendants, including Meyer's discussion of tensile strength ratings; and Meyer's belt geometry diagrams.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the

evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

*A.     Foreseeability*

Key Safety first argues that Plaintiffs have no evidence that it knew or should have known that the restraint system in the 2002 Ford Explorer was dangerous. The MPLA provides that a plaintiff must prove by a preponderance of the evidence that the manufacturer or seller of a defectively designed product "knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the damage for which recovery is sought." MISS. CODE ANN. § 11-1-63(f)(i). Phrased differently, the danger presented by the defective design must be "reasonably foreseeable." *Hyundai Motor Am. v. Applewhite*, 53 So. 3d 749, 756 (Miss. 2011). The Mississippi Court of Appeals has held that a plaintiff must provide evidence that a manufacturer must have "some prior knowledge of the defect" which caused the harm. *Morris v. Ford Motor Co.*, 936 So. 2d 432, 437 (Miss. Ct. App. 2006). Such knowledge may be imputed to a manufacturer if the danger was "reasonably foreseeable or knowable." *O'Flynn v.*

*Owens-Corning Fiberglass*, 759 So. 2d 526, 535 (Miss. Ct. App. 2000) (punctuation omitted).

William Ballard, Ford's corporate representative, testified that Ford conducted sled testing in which the buckle stalks for the rear passenger-side seat and rear center seat separated from one another. He further testified that Ford employees conduct review sessions in which they view films of testing along with the vehicle component suppliers, such as Key Safety. He stated that Key Safety personnel were probably present at such film reviews, but he could not certainly recall.

Steven Meyer, Plaintiffs' expert witness, stated in his report that his proposed alternative seatbelt assembly design has "been well-recognized within the automotive industry and safety community for literally decades." He noted that Ford employed such an alternative in a previous model of Explorer. Further, he stated that it was foreseeable that the subject restraint system would be susceptible to belt slack in rollover accidents, due to its incorporation of a non-cinching latch plate. Finally, he stated that the belt retractor design employed in the subject vehicle had a propensity to momentarily fail when subjected to multi-directional acceleration which is understood and well-documented in the relevant scientific community.

The above evidence is sufficient to create a question of fact as to whether the alleged danger posed by the vehicle's restraint systems was reasonably foreseeable to Key Safety. *See Williams v. Bennett*, 921 So. 2d 1269, 1277 (Miss. 2006) (expert's testimony that the firearms industry expected guns to discharge when dropped without the safety on was sufficient to survive summary judgment as to the foreseeability element of a design defect claim). Therefore, the Court denies Key Safety's Motion for Summary Judgment as to this issue.

**B.     *The Effect of the MPLA on Plaintiffs' Negligence Claims***

The Court has already addressed this issue in its Memorandum Opinion and Order [267]

granting in part and denying in part Ford's Motion for Partial Summary Judgment. Common-law negligence claims can be brought alongside MPLA claims. *McSwain v. Sunrise Med., Inc.*, 689 F. Supp. 2d 835, 845-56 (S.D. Miss. 2010); *see also Childs v. GMC*, 73 F. Supp. 2d 669, 672 (N.D. Miss. 1999) (MPLA was not intended to abrogate common-law theories of negligence).[4] However, a plaintiff may not escape the particular requirements of the MPLA by framing a product liability claim as a common-law negligence claim. The Court's rulings with regard to the MPLA claims can be dispositive as to the redundant negligence claims. *McSwain*, 689 F. Supp. 2d at 846. Therefore, Key Safety's Motion for Summary Judgement is denied as to Plaintiffs' negligence claim.

### C.     *Damages Claimed by Matthew Riley and C.R.*

The Court has already addressed this issue in its Memorandum Opinion and Order [267] granting in part and denying in part Ford's Motion for Partial Summary Judgment. Plaintiffs agree that there is no evidence to support an MPLA claim on behalf of Matthew Riley and C.R. However, under Mississippi's wrongful death statute, Plaintiffs Matthew Riley and C.R. may recover for the loss of companionship and society of Plaintiff A.R. and their respective shares of damages attributable to A.R.'s injuries and/or death, as her wrongful death beneficiaries. MISS. CODE ANN. § 11-7-13. They may not recover emotional damages, though. *McGowan*, 524 So. 2d at 311; *Bridges*, 551 F. Supp. at 557. Further, they have not properly asserted any bystander liability claim, and Plaintiffs withdrew their claim for Matthew Riley's lost wages [256]. Accordingly, Key Safety's Motion for Summary Judgment is granted in part and denied in part with respect to damages claimed by Matthew Riley and C.R.

---

[4] To the extent *Jowers v. BOC Group, Inc.*, No. 1:08-CV-36, 2009 U.S. Dist. LEXIS 53126 (S.D. Miss. Apr. 14, 2009), holds otherwise, the Court declined to follow it.

D.     *Warning Claims*

Plaintiffs conceded their claims stemming from Defendants' alleged failure to warn of the Explorer's defects. Accordingly, the Court grants Key Safety's Motion for Summary Judgment as to that claim.

E.     *Failure to Retrofit or Recall*

Plaintiffs conceded their claim stemming from Defendants' alleged failure to recall and/or retrofit the Explorer. Accordingly, the Court grants Key Safety's Motion for Summary Judgment as to that claim.

F.     *Manufacture, Assembly, and Installation*

Key Safety argues that Plaintiff failed to provide any expert testimony to support their claim that the subject vehicle's restraint system was negligently manufactured, assembled, and installed. In response, Plaintiffs argue that the restraint system was defectively designed, and, therefore, Defendants should be held liable for manufacturing, assembling, and installing a defectively designed component in the subject vehicle.

The MPLA does not contemplate causes of action for the manufacture, assembly, and installation of a defectively designed product asserted separately from a design defect claim. *See* MISS. CODE ANN. § 11-1-63(a)(i)(1)-(4). While the MPLA does contemplate a cause of action for manufacturing defects, such causes of action stem from a product's deviation "in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications." MISS. CODE ANN. § 11-1-63(a)(i)(1). Plaintiffs have not provided any evidence that the restraint system in the subject vehicle deviated from the manufacturer's specifications or from identical units manufactured to the same specifications. Indeed, the entire

7

basis of Plaintiffs' case is that the restraint system was defectively *designed*. Therefore, to the extent that Plaintiffs have plead a manufacturing defect, the Court grants Key Safety's Motion for Summary Judgment as to it. To the extent Plaintiffs' intent was to plead separate MPLA claims based on the manufacture, assembly, and installation of a defectively designed component, the Court holds that such claims are mere restatements of their design defect claim. Accordingly, the Court grants Key Safety's Motion for Summary Judgment with respect to them.

## IV. CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Key Safety's Motion for Summary Judgment [157]. Specifically:

- The motion is denied as to the foreseeability of the alleged danger posed by the subject vehicle.

- The motion is granted as it pertains to the MPLA claims of Plaintiffs C.R. and Matthew Riley.

- The motion is granted as it pertains to any emotional damages claim asserted by Plaintiffs C.R. and Matthew Riley.

- The motion is denied as it pertains to any wrongful death claims for loss of companionship or society asserted by Plaintiffs C.R. and Matthew Riley, or their shares of damages attributable to Plaintiff A.R.'s injuries and/or death.

- Plaintiffs did not assert any bystander liability claims in their First Amended Complaint. Therefore, no such claims are properly before the Court.

- The motion is granted as to any claim for lost wages asserted by Plaintiff Matthew Riley.

- The motion is denied as to Plaintiffs' negligence claims.

- The motion is granted as to Plaintiffs' warning defect claims.

- The motion is granted as to Plaintiffs' claims related to Defendants' alleged failure to retrofit or recall the vehicle at issue.

- The motion is granted as to any manufacturing defect claim asserted by Plaintiffs.

- The motion is granted as to any manufacturing, assembly, and installation claim asserted by Plaintiffs under the MPLA.

SO ORDERED AND ADJUDGED this 12th day of July, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE