IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MATTHEW RILEY, et al.**                                                                 **PLAINTIFFS**

**v.**                                                             **CIVIL ACTION NO. 2:09-CV-148-KS-MTP**

**FORD MOTOR COMPANY, et al.**                                                     **DEFENDANTS**

### ORDER

Before the Court is Plaintiffs' Motion to Exclude [163] testimony by Key Safety's expert witnesses. For the reasons stated below, the motion is **denied**.

On January 14, 2011, Ford timely served its designation of expert witnesses and filed a notice that it had done so [101]. Therein, it designated Jennifer L. Yaek, Thomas M. McNish, Jeffery L. Pearson, Michael R. Carhart, and Carl G. Brooking as its expert witnesses. It also provided Plaintiffs with expert reports from each designated witness. On the same day, Key Safety filed a copy of its expert designation [100], which was substantially identical to Ford's designation. However, Key Safety did not attach copies of the experts' reports, as Ford did. Rather, Key Safety stated that copies of each witness's curriculum vitae, report, and testimony list were attached as exhibits to Ford's designation. Accordingly, Plaintiffs argue that Key Safety failed to comply with Rule 26 of the Federal Rules of Civil Procedure and Local Rule 26(a)(2), and that the Court must exclude any expert testimony on Key Safety's behalf from the trial of this matter.

As always, the Court possess broad, substantial discretion in discovery-related matters. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996). The Court may control its docket "by refusing to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. La. Land Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997). Rule 26

provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . . ." FED. R. CIV. P. 26(a)(2)(B).

Key Safety and Ford served their designations on the same day. Key Safety referenced the expert reports attached as exhibits to Ford's designation. Therefore, there is no dispute that Plaintiffs were provided notice of the experts' opinions. Plaintiffs do not argue that the reports attached to Ford's designation are incomplete or do not address the opinions which each expert intends to offer on behalf of Key Safety. Rather, Plaintiffs argue that the Court should exclude any testimony purportedly offered on behalf of Key Safety because it did not provide additional copies of reports which Plaintiffs received from Ford.

The Court will assume, without deciding, that Key Safety failed to comply with Rule 26. Rule 37 provides that a party who fails to "provide information or identify a witness as required by Rule 26(a) or 26(e)" may not present that witness's testimony at trial, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). The Court must consider four factors in determining whether the expert testimony may be permitted: "(1) the importance of the witness's testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure the potential prejudice; and (4) the explanation given for the failure to identify the witness." *Campbell v. Keystone Aerial Surveys*, 138 F.3d 996, 1000 (5th Cir. 1998). The Court has "wide latitude" in applying these factors, and it is permitted a certain amount of "intelligent flexibility." *Id.*

The testimony is very important; this is a product liability case, and such cases rise and fall on the quality of the expert testimony presented in them. There would not be any prejudice to Plaintiffs, as Ford served them with copies of the expert reports on the same day Key Safety served its designation. Finally, Key Safety's explanation is more than sufficient. It incorporated the expert reports by reference, and Ford provided copies of the reports on the same day.

Therefore, Plaintiffs' Motion to Exclude [163] testimony by Key Safety's expert witnesses is denied.

SO ORDERED AND ADJUDGED this 25th day of July, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE