**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MATTHEW RILEY, et al.**                                                    **PLAINTIFFS**

**v.**                                   **CIVIL ACTION NO. 2:09-CV-148-KS-MTP**

**FORD MOTOR COMPANY, et al.**                                 **DEFENDANTS**

## ORDER

Before the Court is Plaintiffs' Motion to Exclude [165] certain testimony by Master Sergeant Ronald Rayburn. For the reasons stated below, the motion is **granted in part and denied in part.**

Master Sergeant Ronald Rayburn, a certified accident reconstructionist, was one of the three Mississippi Highway Patrol officers who participated in the investigation of the automobile accident from which this case stems. Plaintiffs seek the exclusion of any testimony from Rayburn concerning 1) the cause of the automobile accident, 2) the cause of Plaintiffs' injuries, or 3) whether the seat belts in the subject vehicle functioned adequately. Defendants contend that Rayburn can offer opinion testimony as a lay witness.

Federal Rule of Evidence 701 provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

FED. R. EVID. 701. The Fifth Circuit has observed:

1

> Under Rule 701, a lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the jury. In particular, the witness must have personalized knowledge of the facts underlying the opinion and the opinion must have a rational connection to those facts. If these two requirements are met a layman can under certain circumstances express an opinion even on matters appropriate for expert testimony.

*Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002) (punctuation and citations omitted); *see also Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 551-52 (5th Cir. 2005). A lay witness's opinion or inference is "not objectionable because it embraces an ultimate issue to be decided by the trier of fact." FED. R. EVID. 704; *see also Robinson v. Bump*, 894 F.2d 758, 762 (5th Cir. 1990). This Court has previously allowed lay witnesses to offer their opinion on various issues related to automobile accidents. *See Davis v. ROCOR Int'l*, 226 F. Supp. 2d 839, 843 (S.D. Miss. 2002) (lay witness could testify as to a vehicle's speed at time of accident); *Bridges v. Enter. Prods. Co., Inc.*, No. 3:05-786-WHB-LRA, 2007 WL 57104, at *6 (S.D. Miss. Feb. 20, 2007) (court allowed investigating officer to give her lay opinion as to whether a driver was fatigued, based on her personal observations).[1]

After reviewing the transcript of Rayburn's deposition, it appears that Rayburn was not present at the scene of the accident on the night it occurred – November 3, 2006. He documented the physical evidence at the scene on November 6, 2006. His deposition testimony is unclear as to whether he visited the accident scene sooner than that. However, his forensic examination of the site

---

[1] *But compare Maggette v. BL Dev. Corp.*, No. 2:07-CV-181-MPM-SAA, 2011 U.S. Dist. LEXIS 58077, at *18-*19 (N.D. Miss. May 27, 2011) (officers were not permitted to offer opinion as to the cause of an accident where they formed the opinion by viewing subsequent evidence at the scene), *with Estate of Vaughan v. Kia Motors Corp.*, No. 3:05-CV-38-DPJ-JCS, 2007 U.S. Dist. LEXIS 3527, at *13-*14 (S.D. Miss. Jan. 17, 2007) (medical examiners who responded to accident scene should be allowed to offer lay opinions based on their observations of the accident scene).

appears to be the complete basis of his opinion as to the cause of the accident.

Additionally, Rayburn contradicted himself during his deposition as to whether he inspected the seat belts in Plaintiffs' vehicle. First, he testified that he did not do so, but later he testified that either he or one of his associates inspected them at some point in the days following the accident. Regardless, he testified that there was nothing about the seat belts that seemed unusual or abnormal, and that he would have included such information in his report if that had been the case. He also testified that he typically examines the bodies of vehicle occupants to look for bruising in the shoulder and abdomen area to determine whether they were wearing their seat belt. He did not do so in this case.

After examining Rayburn's deposition testimony, the Court is unconvinced that Defendants have met the "personal perception" requirements of Rule 701 with regard to each of his lay opinions. Rayburn's opinions are built entirely on forensic examination of the scene of the accident and statements from other individuals. Such forensic examination is routinely the basis of lay opinions regarding the causes of automobile accidents. *See Davis*, 226 F. Supp. 2d at 843; *Bridges*, 2007 WL 57104 at *6. Therefore, Plaintiffs' motion is denied as to Rayburn's opinion regarding the cause of the accident.

The cause of the accident is distinguishable, however, from the cause of Plaintiffs' injuries and the performance of the seat belts. Rayburn's deposition testimony is insufficient to show that he based his opinion regarding Plaintiffs' injuries or the performance of the seat belt on his own personal perceptions. Accordingly, Plaintiffs' motion is granted as to those opinions.

Rayburn is permitted, though, to offer his personal observations, such as they are. If Defendants wish to go beyond that, into the realm of opinions, they will have to make a proffer and

3

show that Rule 701's requirements have been met.

      SO ORDERED AND ADJUDGED this 26th day of July, 2011.

                                          *s/Keith Starrett*
                                          UNITED STATES DISTRICT JUDGE