**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MATTHEW RILEY, et al.**                                                                    **PLAINTIFFS**

**v.**                                          **CIVIL ACTION NO. 2:09-CV-148-KS-MTP**

**FORD MOTOR COMPANY, et al.**                                   **DEFENDANTS**

## ORDER

Before the Court is Plaintiffs' Motion to Exclude [164] any testimony or evidence related to a spit study performed by Defendants' experts in February 2011. For the reasons stated below, the motion is **denied in part**.

## I. BACKGROUND

On January 14, 2011, Defendants designated their expert witnesses and provided copies of the experts' reports. On February 6, 2011 – after Defendants' expert designation deadline – Defendants conducted a roll spit study. Defendants placed an exemplar Ford Explorer in a structure mounted on a spit. They then raised the structure, rolled the spit at a certain angle, and observed the effects on two different anthropomorphic test dummies – one representing Carmen Riley, and one representing A.R. – in various combinations of seating positions and seat belt configurations. Obviously, Defendants' expert reports did not contain any information, observations, or conclusions which resulted from this study.

On February 22, 2011, Plaintiffs deposed Jeffery Pearson, one of Defendants' experts. During his deposition, Pearson disclosed to Plaintiffs' counsel that the spit study had been performed. He described the test, the purpose of it, and what he believes it revealed about the subject accident. However, Defendants did not provide Plaintiffs with photographs, video, or other

1

documentation at Pearson's deposition.

On March 15, 2011, Plaintiffs deposed Thomas McNish, another one of Defendants' experts. On that day, Defendants provided Plaintiffs with the videos, photographs, and other documentary evidence from the spit study. Plaintiffs' counsel questioned McNish about the study. Further, counsel specifically questioned him as to the photographs from the spit study.

The discovery period ended on March 31, 2011.

## II. DISCUSSION

### A.   *Compliance with Rule 26*

First, Plaintiffs argue that any evidence regarding the spit study must be excluded because it was not timely disclosed. The Court possesses broad, substantial discretion in discovery-related matters. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 569 (5th Cir. 1996). Rule 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present" expert testimony. FED. R. CIV. P. 26(a)(2)(A). "Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case . . . ." FED. R. CIV. P. 26(a)(2)(B). The report must contain the following:

(i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)  the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and
(vi)  a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(i)-(vi). "A party must make these disclosures at the times and in the

sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D).[1] Local Rule 26 provides that a "party must make full and complete disclosure as required by FED. R. CIV. P. 26(a) and L.U.Civ.R. 26(a)(2)(D) no later than the time specified in the case management order." L.U.Civ.R. 26(a)(2).

Additionally, "[t]he parties must supplement these disclosures when required under Rule 26(e)." FED. R. CIV. P. 26(a)(2)(E). "[A] party is required to supplement its expert disclosures if the court so orders or if 'the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Sierra Club*, 73 F.3d at 57 n. 42 (quoting FED. R. CIV. P. 26(e)(1)). "[T]he party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." FED. R. CIV. P. 26(e)(2). While Rule 26(a)(3) provides that pretrial disclosures must be made at least thirty days before trial, it adds the following caveat: "[u]nless the court orders otherwise . . . ." FED. R. CIV. P. 26(a)(3). Local Rule 26 provides that a "party is under a duty to supplement disclosures at appropriate intervals under FED. R. CIV. P. 26(e) and *in no event later than the discovery deadline* established by the case management order." L.U.Civ.R. 26(a)(5) (emphasis added).

In summary, Defendants' expert designation deadline was January 14, 2011. If they were

---

[1] The Advisory Committee's Notes to Rule 26 of the Federal Rules of Civil Procedure provide that expert witnesses "must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." FED. R. CIV. P. 26 advisory committee's note; *see also Sierra Club*, 73 F.3d at 571. "These Notes also explain that the purpose of the reports is to avoid the disclosure of 'sketchy and vague' expert information, as was the practice under the former rule." *Sierra Club*, 73 F.3d at 571.

going to provide supplements to their experts' reports, such supplements were due before March 31, 2011, the discovery deadline. *Id.* However, Defendants did not have a duty to supplement the reports if the opinions or information were otherwise made known to Plaintiffs during the discovery process. FED. R. CIV. P. 26(e)(1). Indeed, Rule 26(e)(1)'s caveat that a party does not have a duty to supplement if the information is "otherwise made known" to the opposing party is echoed in Fifth Circuit case law. When deciding whether to exclude expert testimony for a party's failure to disclose it, the Court considers the following factors: "(1) the explanation for the failure . . . ; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004); *see also EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 115 (5th Cir. 1993).

In the present case, it is undisputed that the spit study, the documentary materials in relation to it, and Defendants' experts' opinions regarding it were all made known to Plaintiffs during the discovery process. Therefore, Defendants had no duty to supplement their expert report. FED. R. CIV. P. 26(e)(1).

### B.    *Admission of the Spit Study Documents as Demonstrative Evidence*

Next, Plaintiffs argue that the spit study was intended to recreate the conditions of the accident, but that it was not substantially similar to the accident in question, and, therefore, the video and photographs of it are not admissible as demonstrative evidence. In response, Defendants contend that the spit study was not intended to recreate the conditions of the accident, but, rather, to demonstrate various arrangements and uses of the restraints in the subject vehicle and to examine the effects of the restraints' utilization. Defendants describe it as an illustration of general scientific

principles at play during the accident.

Demonstrative aids such as charts, diagrams, audio recordings, transcripts, videos, or photographs may be used at trial. *United States v. Garcia*, 334 F. App'x 609, 614 (5th Cir. 2009); *Muth v. Ford Motor Co.*, 461 F.3d 557, 565-67 (5th Cir. 2006). The admission of demonstrative aids is governed by Rule 611, which provides the Court with "discretion to control the presentation of evidence, including the use of demonstrative evidence." *Garcia*, 334 F. App'x at 614 (citing FED. R. EVID. 611(a)). The Court "shall exercise reasonable control over the mode and order of . . . presenting evidence so as to (1) make the . . . presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." FED. R. EVID. 611(a). Accordingly, there are limits on the manner in which a party may present evidence.

For example, some circuits have held that "[e]xperiments purporting to simulate actual events may be admissible if made under conditions which are substantially similar to those which are the subject of the litigation." *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1442 (10th Cir. 1992); *see also Muth*, 461 F.3d at 566 (citing *Four Corners Helicopters, Inc.*, 979 F.2d at 1442). The conditions of such experiments "need not be identical, [but] they must be sufficiently similar to provide a fair comparison." *Four Corners Helicopters, Inc.*, 979 F.2d at 1442. However, the Fifth Circuit has noted:

> When the demonstrative evidence is offered only as an illustration of general scientific principles, not as a reenactment of disputed events, it need not pass the substantial similarity test. Such demonstrative aids, however, must not be misleading in and of themselves, and one such way that a demonstration might mislead is when . . . the demonstration resembles the disputed accident. Indeed, it is this resemblance which gives rise to the requirement of substantial similarity. . . . Scientific principles, when demonstrated in a fairly abstract way, are quite unlikely to be confused with the events on trial. The more troublesome cases, however, are ones . . . where some

> principles of some kind may be demonstrated but in a fashion that looks very much like a recreation of the event that gave rise to the trial.

*Muth*, 461 F.3d at 566 (footnotes and punctuation omitted). Therefore, if demonstrative evidence is offered as a reenactment or experiment, it must be substantially similar to the events which form the basis of the case. On the other hand, if the demonstrative evidence is offered as an illustration of abstract scientific principles, it must not too closely resemble the actual events of the case.

*Muth v. Ford Motor Co.*, 461 F.3d 557, 565-67 (5th Cir. 2006), is strikingly similar to the present matter. In that case, Ford objected to a district court's exclusion of videos and photographs from two rollover crash tests. The first test was conducted by General Motors in the early 1980's using a Chevrolet Malibu, and the second test was conducted by Ford in 2000-2001 using a 1998-2000 model Crown Victoria. *Id.* at 565. The purpose of the tests was to "determine the relationship between roof deformation and injury." *Id.* at 566. Ford asserted that the tests illustrated "how a stronger roof would do little, if anything, to prevent injuries in rollover accidents" and offered the videos and photographs "to assist the jury in understanding their expert's testimony regarding the general dynamics of rollover accidents." *Id.* The plaintiff objected, arguing that the conditions of the tests were different than the conditions of the accident at issue in the case. *Id.*

The Fifth Circuit acknowledged that the video and photographs of the rollover tests helped the jury "understand the general dynamics involved in rollover accidents," as the evidence illustrated Ford's "claim that during rollover accidents, head-and-neck injuries can occur prior to any roof deformation." *Id.* However, Ford's expert provided the same evidence during his testimony at trial. *Id.* Therefore, Ford was not deprived of the opportunity to offer the evidence; it was just deprived of the opportunity to use visual aids. *Id.* The district court had excluded the video and photographs on the basis that they were not substantially similar to the actual events of the case, but the Fifth

6

Circuit held that the test's conditions were *too* similar to the actual events of the case. *Id.* at 566-67. The demonstration "too closely resemble[d] the disputed accident to effectively present abstract principles without misleading the jury." *Id.* at 566. Accordingly, the district court was justified in "limiting Ford's expert to oral testimony only." *Id.* at 567.

Defendants describe the spit study as a "demonstrative exercise." They claim that the test was performed to demonstrate various arrangements and uses of the restraints in the subject vehicle and to examine the effects of the restraints' utilization. They deny that it was intended to recreate the conditions of the accident; rather, they argue that it was an illustration of general scientific principles which were at play during the accident.

The Court reserves ruling on this issue until it has had an opportunity to view the videos and photographs in question. Before Defendants may use the videos and photographs as demonstrative aids at trial, they must demonstrate to the Court that the spit study was, indeed, nothing more than a "demonstrative exercise," and that the demonstration does not too closely resemble the subject accident. Defendants' expert, Thomas McNish, provided several statements during his deposition as to the purpose of the spit study. Therefore, the Court may wish to hear testimony on this issue in addition to viewing the video and photographs.

C.     *Rule 403*

Until the Court views the video and photographs in question, it can not determine whether their probative value is outweighed by the danger of unfair prejudice. Accordingly, the Court reserves ruling on Plaintiffs' Rule 403 argument.

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Exclude [164] evidence related to the spit

study is **denied in part**.

The spit study, the documentary materials in relation to it, and Defendants' experts' opinions regarding it were all made known to Plaintiffs during the discovery process. Therefore, Defendants had no duty to supplement their expert report. FED. R. CIV. P. 26(e)(1).

The Court is unable to assess the admissibility of the spit study videos and photographs until it views them. Before Defendants may use the videos and photographs as demonstrative aids at trial, they must demonstrate to the Court that the spit study was, indeed, nothing more than a "demonstrative exercise," and that the demonstration does not too closely resemble the accident which gave rise to this case.

SO ORDERED AND ADJUDGED this 27th day of July, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE