IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MATTHEW RILEY, et al.**                                                                 **PLAINTIFFS**

**v.**                                                          **CIVIL ACTION NO. 2:09-CV-148-KS-MTP**

**FORD MOTOR COMPANY, et al.**                                              **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is Plaintiffs' consolidated Motion in Limine [160]. For the reasons stated below, the motion is **granted in part and denied in part.**

<u>**I. DISCUSSION**</u>

*A.     References to Matthew Riley's Son*

Plaintiffs Matthew and Carmen Riley have three daughters and one son. Matthew Riley also has another son from a previous marriage who is not a party to this action, and Plaintiffs argue that any reference to him should be excluded because it is irrelevant to the issues of the case. Plaintiffs also argue that the probative value of such evidence is greatly outweighed by its prejudicial impact.

Defendants argue that evidence regarding the other son's existence is relevant because he is a wrongful death beneficiary under Mississippi law. Defendants also argue that Plaintiffs failed to provide any explanation of how the information would be prejudicial, and that the Court should, therefore, wait to hear the evidence before determining whether it would be prejudicial.

Mississippi Code Section 11-7-13 provides that damages for a decedent who has "no husband, nor wife, nor children . . . shall be distributed equally to the father, mother, brothers and sisters, ro such of them as the deceased may have living at his or her death." Miss. Code Ann. § 11-7-13. "There shall not be, in any case, a distinction between the kindred of the whole and half blood

1

of equal degree." *Id.* Therefore, Defendants are correct that Matthew Riley's other son is a proper wrongful death beneficiary under Mississippi law. However, he is not a party to this action, and his existence is irrelevant to the adjudication of the claims asserted by the Plaintiffs of this case.

### B.    *Matthew Riley's Driving Record*

Plaintiffs argue that any evidence regarding Matthew Riley's driving record prior and subsequent to the accident is irrelevant and would only serve to inflame the jury. Defendants admit that Matthew Riley's driving did not cause the accident and, therefore, is not relevant to determining the cause of the accident. However, Ford notes that Matthew Riley was involved in a subsequent motorcycle accident in which he sustained injuries that allegedly caused 14% impairment.

The Court has already granted Ford's Motion for Summary Judgment [152] as to Matthew Riley's MPLA cause of action, as Plaintiffs conceded that there was no evidence that Matthew Riley's seat belt failed. Therefore, only his wrongful death claim remains. Unless Plaintiffs intend to argue that A.R.'s death caused Matthew Riley to suffer actual physical injuries – and the record does not contain any evidence that this is the case – evidence as to the injuries he suffered in the motorcycle accident are irrelevant to his remaining wrongful death claim.

### C.    *Testimony from Defendants' Corporate Representatives*

Plaintiffs argue that many of the Defendants' lay witnesses, including their corporate representatives, attempted to offer opinions on subjects which are commonly reserved for expert testimony, including the adequacy of the seat belt system, the manner in which A.R. and Carmen Riley should have been wearing their seat belts, and the manner in which Plaintiffs' injuries occurred. Plaintiffs argue that such testimony should be excluded because Defendants failed to disclose it as required by Local Rule 26(a)(2)(D).

Defendants included their corporate representatives in their designations of expert witnesses, albeit in a summary fashion. However, as Defendants noted in briefing, Plaintiff had not noticed a 30(b)(6) deposition on the date Defendants' designations were due. It is undisputed that Plaintiffs had the opportunity to depose Defendants' corporate representatives. Therefore, even if Defendants failed to comply with their disclosure obligations, Plaintiffs have not been prejudiced. Furthermore, Defendants have offered an adequate explanation. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (providing four factors to consider when determining whether to exclude expert testimony for a party's failure to disclose it). Accordingly, Defendants' failure to specifically name the corporate representatives in their designations and provide a report does not bar the admission of their testimony.

Plaintiffs did not challenge the qualifications of Defendants' corporate representatives as experts. However, in the event this becomes an issue at trial, the Court notes regardless of whether the corporate representatives may offer expert testimony, they may offer testimony as lay witnesses. As the Court noted in a previous order [314], Rule 701 permits the admission of opinion testimony by lay witnesses if the witness has "personalized knowledge of the facts underlying the opinion," and the opinion has "a rational connection to those facts." *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002). "If these two requirements are met, a layman can under certain circumstances express an opinion even on matters appropriate for expert testimony." *Id.* Therefore, even if the corporate representatives are not qualified as experts, they can still offer their opinion as a lay witness, if the requisite showing is made to establish the basis of their opinion. The Court makes no ruling on that issue here, but merely mentions it so that the parties will be prepared if they want to argue this point at trial.

## II. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Plaintiffs' consolidated Motion in Limine [160]. Specifically:

- The Court grants the motion as it pertains to references to Matthew Riley's son from a previous marriage.

- The Court grants the motion as it pertains to Matthew Riley's driving record.

- The Court denies the motion as it pertains to testimony from Defendants' corporate representatives.

SO ORDERED AND ADJUDGED this 27th day of July, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE