**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**MATTHEW RILEY, et al.**                                                          **PLAINTIFFS**

**v.**                                                    **CIVIL ACTION NO. 2:09-CV-148-KS-MTP**

**FORD MOTOR COMPANY, et al.**                                          **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is Defendants' consolidated Motion in Limine [269]. For the reasons stated below, the motion is **granted in part and denied in part.**

**I. DISCUSSION**

*A.*     ***Defendants' State of Mind***

Defendants argue that the Court should exclude any testimony as to their "state of mind" or "knowledge" from parties who have never worked for Defendants. Defendants further argue that the Court should preclude Plaintiffs' witnesses from testifying about the meaning or contents of documents that are inadmissible, have not been admitted into evidence, or can be understood without expert assistance. Defendants anticipate that Plaintiffs' expert witnesses will attempt to offer testimony that Defendants had knowledge of defects, citing certain internal documents.

The Court has no information whatsoever regarding the documents to which Defendants refer, or the manner in which Plaintiffs' witnesses will purportedly attempt to portray said documents. Accordingly, the Court has no basis upon which to exclude any specific evidence. If this is going to be an issue at trial, the parties should bring it to the Court's attention during a sidebar or outside the presence of the jury, if possible. Defendants can make their objection at that time.

*B.*     ***Other Accidents, Incidents, Claims, Complaints or Lawsuits***

1

Defendants argue that the Court should exclude any evidence or reference regarding prior or subsequent accidents, incidents, claims, complaints, or lawsuits involving Ford vehicles that are not substantially similar to the subject accident and vehicle. Defendants contend that such evidence is irrelevant to Plaintiffs' claims, that such evidence would constitute inadmissible hearsay, and that the probative value of such evidence is outweighed by its unfair prejudicial effect.

Defendants have not identified any specific evidence of other similar incidents. Therefore, the Court has no basis for the exclusion of any evidence at this time. If this is going to be an issue at trial, the parties should bring it to the Court's attention during a sidebar or outside the presence of the jury, if possible. Defendants can make their objection at that time. Plaintiffs asserted in their briefing that such evidence is routinely offered to prove the existence of a defect or causation. If Plaintiffs intend to offer such evidence for that purpose, they should be prepared to offer Fifth Circuit case law regarding its admissibility.

**C.     *Defendants' Financial Condition***

Defendants' motion in limine is granted as to any evidence, reference, or argument regarding their financial condition or the relative wealth/poverty of the parties. Such evidence is irrelevant to the issues of this case, as the Court granted Defendants' motions for summary judgment as to punitive damages.

**D.     *Conduct Sufficient for Punitive Damages***

Defendants' motion in limine is granted as to any expert testimony that Defendants' conduct exhibited "malice" or "gross negligence," or rose to a level sufficient to award punitive damages. Such evidence is irrelevant to the issues of this case, as the Court granted Defendants' motions for summary judgment as to punitive damages.

### E.        *Document Destruction*

The Court grants Defendants' motion in limine with respect to any reference to or evidence of the alleged destruction of documents pertaining to the development of the Bronco II and/or First generation Explorer's handling and stability.

### F.        *Compensation for Experts*

The parties have agreed that they will only ask opposing experts what they have been paid in this case. Therefore, Defendants' motion in limine is granted as to any evidence concerning compensation paid to the experts in other cases.

### G.        *Referring to Plaintiffs as Victims*

Defendants argue that the term "victim" necessarily implies the existence of a criminal legal proceeding and would only inflame the jurors to violate their oath to prevent bias, sympathy, or prejudice play a part in their decision. Therefore, Defendants contend that the Court should forbid Plaintiffs' counsel from referring to Plaintiffs as "victims."

This motion in limine is denied. Without expressing any opinion regarding the causation issues in this case, Plaintiffs were undisputably *victims* of a crime committed by Aimee Porter. Therefore, the Court does not believe it fair to allow Defendants to present evidence of Porter's role in this matter and, at the same time, forbid Plaintiffs' counsel from portraying the events as the tragedy that they were. More importantly, the term "victim" – when afforded its plain meaning – does not necessarily imply criminal wrongdoing. Plaintiffs claim that they were victims of Defendants' negligence, and Plaintiffs' counsel should be free to present Plaintiffs' case in that light. In the Court's experience, jurors are more perceptive than attorneys often give them credit for being. Theatrical performances and overwrought language from counsel rarely work as counsel hopes.

Nonetheless, the Court advises all counsel of record that it will not allow grandstanding, theatrics, and gamesmanship in the courtroom. Such frivolity only wastes the Court's and the jury's time.

**H.**   ***Defendants' Counsel***

Defendants argue that the Court should exclude a variety of evidence regarding their counsel, including their typical clients, their specializations, their roles in other lawsuits, their roles in Defendants' national legal strategy, the number of attorneys in their firms, the number of attorneys representing Defendants in this case, the number of cities in which Defendants' counsel has offices, or the residences of Defendants' counsel.

Defendants' motion in limine is granted as to this issue, but the parties will be permitted to provide the jurors with cursory background information for the counsel at trial and engage in limited questioning during voir dire to ensure that none of the jurors have a conflict. All counsel of record know what is proper in this regard.

**I.**   ***Other Vehicles***

Defendants anticipate that Plaintiffs will attempt to introduce or comment upon evidence concerning Ford vehicles other than the 2002 Explorer or attempt to offer evidence that post-dates the manufacture of the subject vehicle. It is clear from the parties' briefing that the disputed evidence concerns the changes Ford made to the restraint system in the 2002.5 model Explorer, which are the exact changes Plaintiffs' expert has proposed for the subject vehicle.

Defendants cited Federal Rule of Evidence 407 in support of their argument, but Defendants conspicuously omitted the rule's second sentence. Rule 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in the product, a defect in the product's design, or a need for a

warning or instruction. *This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.*

FED. R. EVID. 407 (emphasis added). Accordingly, the evidence is admissible for purposes other than proving Defendants' negligence, Defendants' culpability, the existence of a defect, or the defective nature of the design.

## J.   *Unrelated Defects or Recalls*

Defendants argue that any reference to or evidence concerning other Ford vehicles or any other alleged defects in Ford vehicles should be excluded from trial. Plaintiffs do not object to the motion as worded, but they intend to offer "Technical Service Bulletins," "Special Service Bulletins," "Special Service Messages," and other similar documents to establish the reporting method used by Ford for defects that have been brought to its attention. Ford objects to the admission of any such documents.

None of these documents are currently before the Court. Therefore, the Court can not assess their admissibility. Accordingly, Defendants' motion in limine is granted as to this issue, with the exception of the documents referenced above. The Court will assess their admissibility at trial.

## K.   *The Ford Pinto and Other Ford Lawsuits*

Defendants' motion in limine is granted as to references to the Ford Pinto or any well-known product liability lawsuits involving Ford products.

## L.   *Ethical or Moral Obligations*

Defendants argue that any questions about or reference to any ethical or moral obligation on their part should be excluded, as the only purpose of such references is to inflame the jury. Plaintiffs do not object. Therefore, the motion is granted.

**M.**     ***Documents Not Produced***

Defendants' motion in limine is granted as to any reference to, evidence of, or testimony or argument concerning documents not allegedly produced by Defendants.

**N.**     ***Corporate Representatives***

Defendants argue that the Court should exclude any reference to their corporate representatives. In response, Plaintiffs contends that Defendants can only appear at trial through the presence of their corporate representatives, and that if they choose not to appear at trial, Plaintiffs should be permitted to comment on it.

The presence, absence, or identity of Defendants' corporate representatives is wholly irrelevant to Plaintiffs' claims. Defendants' motion in limine is granted.

**O.**     ***"Sending a Message"***

Defendants argue that the Court should exclude any references or arguments that the jury should "send a message" to Defendants' executives or act as the "conscience of the community" when determining damages. Plaintiffs argue that such appeals are appropriate within certain boundaries, citing *United States v. Daniel*, No. 5:05-CR-19, 2006 U.S. Dist. LEXIS 41597, at *7-*8 (S.D. Miss. June 2, 2006).

The Fifth Circuit has "condemned 'community conscience' arguments as unfairly prejudicial." *Reese v. Mercury Marine Div. of Brunswick Corp.*, 793 F.2d 1416, 1429 (5th Cir. 1986). Therefore, Defendants' motion in limine is granted.

**P.**     ***Failure to Warn, Recall, or Retrofit***

Defendants argue that the Court should exclude any reference, evidence, testimony, or argument suggesting that they had a duty to notify, publicize, or warn of the alleged defect.

6

Defendants further argue that the Court should exclude any argument, reference, evidence, or testimony that they had a duty to recall or retrofit the vehicle. Plaintiffs have no objection to the motion as worded, but Plaintiffs intend to introduce evidence of what Defendants knew regarding the restraint system, when they knew it, and what they did or did not do with that knowledge.

Defendants' motion in limine is tentatively granted. The Court granted Defendants' motion for summary judgment as to Plaintiffs' claims concerning alleged warning defects and Defendants' failure to recall or retrofit the vehicle. Further, the Court granted Defendants' motion for summary judgment as to Plaintiffs' punitive damages claim. Accordingly, if Plaintiffs wish to introduce evidence concerning what Defendants knew regarding the restraint system, when they knew it, and what they did or did not do with that knowledge, they will have to show that it is relevant to the MPLA or wrongful death claims remaining in this case. Without knowing the particular evidence or the context in which it is being offered at trial, the Court can not address that issue here.

**Q.     Motions in Limine**

Plaintiffs have no objection to Defendants' motion in limine regarding references, evidence, testimony, or argument concerning the motions in limine filed in this case. Accordingly, it is granted.

**R.     Other Alleged Defects**

Defendants argue that the Court should exclude any reference, argument, or testimony concerning any alleged defects not previously pleaded in Plaintiffs' Complaint or Amended Complaint, or disclosed in Plaintiffs' experts' opinions. Plaintiffs represented that they intend to abide by the pretrial order, and that they have provided their experts' opinions. However, Plaintiffs contend that their experts may receive information or evidence during trial which requires a

7

response.

The defects at issue in this trial have already been clearly defined in the Plaintiffs' Amended Complaint and the Courts' rulings on the parties' dispositive motions. This case concerns the restraint systems in the 2002 Ford Explorer, and Plaintiffs have already identified the specific ways in which they allege the restraint systems were defective. Therefore, to the extent Defendants seek the exclusion of any evidence or argument concerning alleged defects previously dismissed or heretofore unmentioned, this motion in limine is granted. However, if Defendants open the door by presenting new opinions or evidence, Plaintiffs' experts will be allowed to respond.

**S.    *Commentary on Demonstrative Exhibits***

Defendants argue that the Court should exclude any "unfounded, self-serving proclamations" by Plaintiffs' counsel which attempt to "influence the jury." This motion in limine is denied. If Defendants wish to object to specific argument, testimony, or demonstrative exhibits, they may do so at trial. At that time, the Court will have some basis for ruling on the motion beyond Defendants' bare speculation.

**T.    *"Hired Gun"***

Defendants argue that the Court should exclude any statements by Plaintiffs' counsel characterizing Defendants' counsel as "hired guns" or other similar derogatory terms. Plaintiffs have no objection, on the condition that the Court precludes all counsel from using such references. The Court grants the motion in limine. All counsel shall refrain from calling opposing counsel names.

**U.    *Discovery***

Defendants argue that the Court should exclude any reference, argument, testimony, or evidence concerning discovery in this case, including discovery disputes. Plaintiffs have no

objection. Therefore, the motion in limine is granted.

## V.     *Unlocking Retractors*

Defendants argue that the Court should exclude any evidence that the seat belts spooled out because of retractor lock and unlock during the accident. Specifically, Defendants anticipate that Plaintiffs' expert, Steven Meyer, will attempt to offer testimony on this issue. Defendants argue that this evidence is inadmissible under Rule 702 and *Daubert* because it constitutes mere speculation. They also argue that the testimony is irrelevant and unhelpful to the jury – because it is speculative – and should therefore be excluded under Rules 402 and 403.

This is nothing more than an attempt to raise a *Daubert* issue after the deadline for such motions has expired. The Court has already ruled on the admissibility Meyer's expert testimony. If Defendants wanted to raise other arguments in support of its exclusion, they should have done so in their *Daubert* motion. This motion in limine is denied. Defendants will have the opportunity, though, to cross-examine Meyer.

## W.     *Emotional Distress*

Defendants argue that the Court should exclude any reference, testimony, argument, or evidence concerning Plaintiffs' emotional distress or emotional status, in light of the Court's dismissal of the emotional damages claimed by C.R. and Matthew Riley.

This motion in limine is denied. The Court only granted summary judgment as to the emotional damages claimed by C.R. and Matthew Riley. Therefore, evidence of Carmen Riley's emotional status is relevant to her emotional damages claim.

The Court further notes that Plaintiffs seek damages for the loss of A.R.'s society and companionship. The Court has previously held that "photographs of the accident scene and

9

testimony regarding the manner in which" a decedent died are not relevant to claims of loss of companionship and society. *Bridges v. Enter. Prods. Co.*, 551 F. Supp. 2d 549, 557 (S.D. Miss. 2008). However, "[t]estimony showing any change in the conditions on which the suit is based is competent as against the rights of the person or persons affected;" therefore, evidence of Plaintiffs' emotional status since the accident – as compared to their emotional status before the accident – is relevant to the claims for loss of society and companionship. *See Nowell v. Universal Elec. Co.*, 792 F.2d 1310, 1313 (5th Cir. 1986) (quoting *Campbell v. Schmidt*, 195 So. 2d 87, 90 (Miss. 1967)); *see also Betterton v. Edwards*, No. 2:02-CV-318-P-A, 2006 U.S. Dist. LEXIS 59866, at *2 (N.D. Miss. Aug. 22, 2006) (denying motion in limine as to whether a plaintiff had dated since decedent's death). Accordingly, evidence of Plaintiffs' emotional status before the accident and their emotional status after the accident is relevant to their claims for loss of companionship and society.

Finally, Plaintiffs have asserted survival claims on behalf of A.R. Therefore, their description of the accident and her death is relevant to the determination of the pain, suffering, and emotional damages she suffered prior to death.

## II. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** Defendants' consolidated Motion in Limine [269]. Specifically:

- The Court denies the motion as it pertains to Defendants' "state of mind."

- The Court denies the motion as it pertains to other accidents, incidents, claims, complaints, or lawsuits.

- The Court grants the motion as it pertains to Defendants' financial condition.

- The Court grants the motion as it pertains to any alleged conduct by Defendants which would give rise to punitive damages.

- The Court grants the motion as it pertains to alleged document destruction issues.

- The Court grants the motion as it pertains to the compensation received by the parties' experts in matters other than this one.

- The Court denies the motion as it pertains to referring to Plaintiffs as "victims."

- The Court grants the motion as it pertains to the background of all counsel, with the exception of limited questioning during voir dire.

- The Court denies the motion as it pertains to evidence of other vehicles.

- The Court grants the motion as it pertains to evidence of other unrelated defects or recalls, with the exception of the "Technical Service Bulletins," "Special Service Bulletins," "Special Service Messages," and other similar documents, which the Court will assess at trial.

- The Court grants the motion as it pertains to the Ford Pinto and other famous product liability lawsuits.

- The Court grants the motion as it pertains to evidence or argument concerning Defendants' moral or ethical obligations.

- The Court grants the motion as it pertains to documents allegedly not produced by Defendants.

- The Court grants the motion as it pertains to Defendants' corporate representatives.

- The Court grants the motion as it pertains to argument that the jury should "send a message" or act as the "conscience of the community."

- The Court presently grants Defendants' motion in limine regarding any evidence that Defendants had a duty to warn, recall, or retrofit the vehicle in question. However, if Plaintiffs wish to introduce evidence of Defendants' knowledge of the alleged defects, when they acquired that knowledge, and what they did with it, Plaintiffs will be required to show that it is relevant to the remaining MPLA and wrongful death claims.

- The Court grants the motion as it pertains to motions in limine.

- The Court grants the motion as it pertains to alleged defects already

11

dismissed from this action or not pleaded by Plaintiffs, but the Court may allow such evidence if Defendants open the door at trial.

• The Court denies the motion as it pertains to "self-serving commentary on demonstrative exhibits."

• The Court grants the motion as it pertains to referring to opposing counsel with derogatory terms.

•  The Court grants the motion as it pertains to discovery disputes in this matter.

• The Court denies the motion as it pertains to evidence that the belt retractors unlocked during the accident.

• The Court denies the motion as it pertains to Plaintiffs' emotional status.

SO ORDERED AND ADJUDGED this 29th day of July, 2011.

                                        *s/Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE